CLERK U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

MAY 27 2004

LODGED_____ REC'D_____
PAID_____ DOCKETED_____

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>JAMES IRA NOTEBOOM and<br>SHONNA DIANE NOTEBOOM,<br><br>         Debtors. | Bankruptcy Case<br>No. 03-44281-elp13 |
| In re:<br><br>ROBERT B. JANES,<br><br>         Debtor. | Bankruptcy Case<br>No. 04-30384-elp13 |
| In re:<br><br>RICHARD D. BALCH,<br><br>         Debtor. | Bankruptcy Case<br>No. 04-30407-elp13<br><br>MEMORANDUM OPINION |

This matter came before the court on creditor Kelly Creek Condominium Association's (the Association) motions for relief from the automatic stay in each of the above-captioned cases. For the reasons outlined below, I will grant the motions.

The Association holds a state court judgment against the debtors in each of these cases for condominium dues and assessments

Page 1 - MEMORANDUM OPINION

plus an undetermined amount of attorney fees.  After the state court had entered judgment in each of these cases, which apparently were tried together along with similar claims against two parties who did not file bankruptcy, the court determined that the Association is entitled to a judgment for attorney fees and directed counsel for the Association to prepare an attorney fee judgment.  Before the attorney fee judgment could be entered, each of the debtors filed a petition under chapter 13 of the Bankruptcy Code.  The judgments against debtors Noteboom and Janes for dues and assessments are for approximately $5,700.  The judgment against Balch is for approximately $8,000.  According to the Association, the state court has determined that each debtor is jointly and severally liable for approximately $77,000 in attorney fees.

The Association seeks relief from the automatic stay to allow it to obtain entry of the judgment for attorney fees, and to allow the appeal of the state court judgment, which debtors have apparently already filed, to proceed.  Each of the debtor's plans discloses the pending appeal and indicates that the amount of the Association's claim cannot be determined until the appeal is completed.

The legal issues raised by the debtors' responses to the motions for relief from stay are (1) whether the state court appeal can proceed without relief from stay and (2) whether entry of a judgment for the attorney fees awarded in the condominium lien foreclosure action would change an unsecured claim to a secured claim.

Page 2 - MEMORANDUM OPINION

Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay of any enforcement of a prepetition judgment against property of the estate, to create, perfect or enforce any lien against property of the estate, or to create, perfect, or enforce against property of the debtor any lien to the extent the lien secures a claim that arose before bankruptcy. A creditor is entitled to relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1).

1. <u>The automatic stay applies to debtors' state court appeals.</u>

Debtors argue that the state court appeal of the dues and assessments judgment is not subject to the automatic stay and so can proceed without relief from stay from this court. That is not correct. The automatic stay applies to all appeals of actions against the debtor, no matter who appeals. Therefore, because the state court actions were against debtors, the automatic stay applies to stay the appeals, even though debtors are the appellants. <u>Ingersoll-Rand Fin. Corp. v. Miller Mining Co., Inc.</u>, 817 F.2d 1424, 1426 (9th Cir. 1987); <u>In re Rother</u>, 200 B.R. 644 (9th Cir. BAP 1996). Therefore, the state court appeals cannot proceed to resolution without an order granting relief from stay.

Completion of each of the debtors' chapter 13 plans requires resolution of the state court appeals. Therefore, there is cause for granting relief from stay to allow the state court appeals to proceed.

Page 3 - MEMORANDUM OPINION

2.  <u>Entry of judgment for attorney fees in the state court litigation will not convert an unsecured claim to a secured claim.</u>

Debtors argue that the Association's claim for attorney fees connected with the lien foreclosure actions is presently unsecured, and will be converted to a secured judicial lien if the Association is allowed to obtain a judgment for those fees in state court. The Association argues that entry of judgment will not change the status of the claim from unsecured to secured, because the attorney fees are already a statutory lien on debtors' real property. Therefore, the claim is currently secured, and entry of judgment will not change that. For reasons explained below, I agree with the Association's conclusion that it had a prepetition secured claim that included attorney fees.

The Association relies on ORS 100.450(2)(b), which provides that, when a claim for an unpaid assessment has been filed and recorded, "such claim shall automatically accumulate the subsequent unpaid assessments and interest thereon without the necessity of further filings under this section." Because the Association had filed and recorded a claim for unpaid assessments, which remain unpaid, it asserts that the lien for those assessments automatically includes the attorney fees incurred in collecting the unpaid assessments.

The Oregon condominium statutes provides that, subject to the condominium's declaration and bylaws, a condominium association may "levy and collect assessments for common expenses from unit owners,"

Page 4 -   MEMORANDUM OPINION

ORS 100.405(4)(b), and "[i]mpose charges for late payments of assessments, [and] attorney fees for collection of assessments . . . ." ORS 100.405(4)(k). Unpaid assessments create a lien on the condominium unit: "Whenever an association of unit owners levies any assessment against a unit, the association of unit owners, upon complying with subsection (2) of this section, shall have a lien upon the individual unit . . . for any unpaid assessments and interest as provided in subsection (2)(b) of this section." ORS 100.450(1). Subsection (2)(a) requires that the association record its claim for unpaid assessments in the county where the unit is located. Subsection (2)(b) provides for the addition of "subsequent unpaid assessments" to the amount of the claim that has been filed and recorded in accordance with subsection (2)(a).

There is no dispute in this case that the Association filed and recorded its claim for the unpaid assessments; the state court foreclosed on the lien created by that claim. Thus, the question is whether the attorney fees incurred in collecting the unpaid assessment automatically become part of the lien.

I conclude that they do. "Subsequent unpaid assessments" automatically become part of the claim secured by the lien created by statute. ORS 100.005(1) defines "assessment" to mean "any charge imposed or levied by the association of unit owners on or against a unit owner or unit . . . ." Pursuant to ORS 100.405(4)(k), the Association could impose charges for attorney fees for collection of

Page 5 -   MEMORANDUM OPINION

assessments.[1] Therefore, under the definition set out in ORS 100.005(1), the attorney fee charge is an assessment, which under ORS 100.450(2)(b) automatically becomes part of the claim secured by the statutory lien.

Because the entry of a judgment for the attorney fees that the state court has determined should be awarded will not affect the status of the claim for fees, which is already a secured claim, and judicial economy will be promoted by allowing issues related to the attorney fees to be decided by the state court and appealed with the assessment issue, there is cause to grant relief from stay.

## CONCLUSION

The Association is entitled to relief from stay to allow the state court appeal to proceed and to allow the state court to enter the judgment for attorney fees. Therefore, I will grant the Association's motions for relief from the automatic stay. Counsel for the Association should prepare the order.

_____
ELIZABETH L. PERRIS
Bankruptcy Judge

cc: Matthew A. Levin
Richard E. Fowlks
Steven E. Benson
Brian D. Lynch

---

[1] Debtors do not dispute that Article XIV of the condominium bylaws allows the Association to recover attorney fees incurred in collecting amounts due under the bylaws.

Page 6 - MEMORANDUM OPINION